MEMORANDUM **
Mitchell Lee Walck appeals pro se from the district court’s orders denying his motion for leave to amend his complaint and granting summary judgment to the defendants in his 42 U.S.C. § 1983 action alleging that they violated his civil rights by falsely arresting him, using excessive force, and displaying deliberate indifference to his well-being during his arrest, transportation, and confinement. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of leave to amend, Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir.2007), and review de novo the grant of summary judgment, id. at 1075. We affirm.
The district court did not abuse its discretion in denying Walck leave to amend his complaint. Walck’s proposed amendments under 42 U.S.C. §§ 1985 and 1986 would have been futile because the new claims did not involve interference with federal agents, obstruction of justice in court, or alleged membership of a protected class. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992) (describing membership in a protected class requirements for § 1985(3) claims). Walck’s proposed amendments alleging conspiracy under section 1983 would not have contributed anything to Walck’s action because he already claimed that the defendants acted under color of state law. Cf. Adickes v. Kress & Co., 398 U.S. 144, 150-52, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (stating that a § 1983 conspiracy claim brings private actors within § 1983’s rubric in certain circumstances). Additionally, the new allegations against defendants Mahoney and Wood were permissibly disallowed because Walck already had three strikes under 28 U.S.C. § 1915(g), and it would have contravened section 1915(g) to allow him to add claims to the present suit that he could not have brought separately. Finally, the district court did not abuse its discretion in concluding that Walck had unduly delayed his proposed amendments concerning the arrest incident. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir.1990) (“Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.”). *610 The district court also properly granted summary judgment. A Montana statute authorized the Montana State Prison and Granite County officials’ involvement. See Mont.Code Ann. § 46-6-402 (authorizing police to command an individual over 18 to assist in an arrest). The arrest was permissible because under the exigent circumstances the officers had probable cause to arrest Walck. See United States v. Robertson, 606 F.2d 853, 859 (9th Cir.1979) (holding that a warrantless arrest is permissible when there is probable cause and “a substantial risk of harm to the persons involved or to the law enforcement process would arise if the police were to delay a search until a warrant could be obtained.”). Moreover, in light of these same circumstances, the officers’ use of nonlethal force to arrest Walck was not objectively unreasonable, see Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (stating objective reasonableness standard for excessive force claims when arresting a suspect), and Walck has presented no triable issue as to whether anyone jumped on his back.
Walck also has not presented a tin-able issue concerning whether defendant Bender’s decision not to stop to check Walck’s handcuffs during the trip to the hospital was objectively unreasonable given Walck’s conduct and Bender’s safety concerns. See Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir.1996) (applying objective reasonableness standard to treatment of an arrestee detained without a warrant until the arrestee is either released or found to be legally in custody). Walck also presented no triable issues as to whether Bender later attacked him, defendant Howard verbally threatened him, or the defendants knowingly subjected him to conditions exceeding those inherent to confinement during the trip to another detention facility. See Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir.1991) (en banc) (applying Fourteenth Amendment standard to pretrial detainees); Demery v. Arpaio, 378 F.3d 1020, 1029-30 (9th Cir.2004) (stating that to constitute impermissible punishment, the harm must significantly exceed or be independent of the inherent discomforts of confinement and that the government’s purpose must be to punish the detainee).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.